UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6250-RAO Date: November 4, 2026
Title: Eustacio Abad Jimenez Romano v. Markwayne Mullin et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 22, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 29, 2026. Dkt. No. 8 ("Ans."). Petitioner filed a Reply on November 2, 2026. Dkt. No. 9.

Petitioner, a citizen of Mexico, has been detained at Adelanto ICE Processing Center since April 8, 2026. The Petition alleges violations of the Immigration and Nationality Act, Sections 1226(a) and 1357(a)(2), as well as violations of due process under the Fifth Amendment. The Petition seeks relief in the form of immediate relief or a new custody hearing. In their response, Respondents acknowledge that Petitioner appears entitled to a bond hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).

I. Background

Petitioner last entered the United States on or about October 2006, and has lived here for 20 years. He has three children, all U.S. citizens. Immigration authorities arrested Petitioner on April 8, 2026. Petitioner filed an application for cancellation and adjustment of status on September 15, 2026. His removal

proceedings remain pending and he has an individual hearing set for November 30, 2026. According to the Petition, Petitioner has a criminal history, but no convictions.[1]

On August 4, 2026, Petitioner appeared before an immigration judge and was denied bond on the basis that he is a flight risk. In its ruling, a copy of which is attached to the Petition, the immigration court found that Petitioner failed to meet his burden to establish that he is a flight risk. Petitioner did not appeal the decision. Petitioner was scheduled for a *Rodriguez* hearing on October 15, 2026, but withdrew the request for a hearing.

II. Discussion

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Regarding Petitioner's claims alleging a violation of Sections 1226(a) and 1357(a)(2) and due process in connection with his warrantless arrest, the Court finds release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same). Accordingly, the Court denies the Petition to the extent it seeks Petitioner's release based on these claims.

As to Petitioner's claim that his detention violates his due process rights because the immigration court applied the incorrect legal standard at his bond hearing, the Court agrees and orders that he be provided a new bond hearing.

[1] The two pages of the Form I-213 attached to the Petition do not indicate any criminal history. *See* Dkt. No. 1-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6250-RAO Date: November 4, 2026
Title: Eustacio Abad Jimenez Romano v. Markwayne Mullin et al.

Under the present facts, the government should have the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. *See Martinez v. Clark,* 124 F.4th 775, 785 (9th Cir. 2024). Because the burden of proof was incorrectly placed on Petitioner, the Court finds this misapplication an abuse of discretion and a due process violation. *See, e.g., Aslan v. Semaia*, 2026 WL 172902, at *5 (C.D. Cal. Jun. 11, 2026) (collecting cases finding failure to apply correct legal standard constitutes abuse of discretion by the immigration judge); *Zhao v. Janecha*, 2026 WL 2666865, at *3 (C.D. Cal. Sept. 9, 2026) (noting that district courts review immigration judge's bond decision for abuse of discretion and finding discretion was abused where burden of proof was wrongly placed on petitioner and immigration judge's findings regarding dangerousness were opaque and conclusory).

Respondents note that Petitioner has not exhausted his remedies by appealing the immigration court's bond order. The Court declines to require exhaustion where the immigration court's abuse of discretion is apparent from the face of the bond order. Requiring Petitioner to pursue his administrative appeal would result in his prolonged detention in the interim and cause irreparable harm. Sufficient grounds for waiver of exhaustion are presented here. *See, e.g., Gorelova v. Warden of Facility Administrator Oadelanto Detention Facility*, 2026 WL 3122459, at *3 (C.D. Cal. Oct. 19, 2026).

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (citations omitted) (cleaned up). Here, the Court orders that Respondents provide Petitioner with a new bond hearing. The Court has considered, but rejected release. From the facts laid out in the Petition, this appears to be Petitioner's initial detention by immigration authorities and thus he has not been

assessed previously for flight risk or danger. *See Singh v. Bowe*n, 2026 WL 2970609, at *3 (C.D. Cal. Oct. 2, 2026) ("[W]here Petitioner had not been assessed for flight risk or danger, the government's interest in detaining him at least initially was significant.") Under these circumstances, a new bond hearing is the appropriate remedy.

III. Conclusion

Accordingly, it is ORDERED that the Petition is granted in part. Within seven (7) days of the entry of judgment, Respondents must provide Petitioner (A#221-462-477) with a bond hearing before an immigration judge at which the government bears the burden of proving by clear and convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[2]

**IT IS SO ORDERED.**

[2] The Court finds that Petitioner has failed to demonstrate that he is entitled to any different or additional relief.